**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

CENTURY SHREE CORP., d/b/a HAMPTON INN & SUITES,
CENTURY RAMA, INC., d/b/a HAMPTON INN & SUITES,
FALGUN PATEL, Individually and d/b/a HAMPTON INN & SUITES,
MUKUND PATEL, Individually and d/b/a HAMPTON INN & SUITES, and
PIYUSH PATEL, Individually and d/b/a HAMPTON INN & SUITES,

    Defendants.

---

**COMPLAINT AND JURY TRIAL DEMAND**

---

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, against Defendants Century Shree, Corp., and Century Rama, Inc., d/b/a Hampton Inn & Suites, and Falgun Patel, Mukund Patel, and Piyush Patel, individually and d/b/a Hampton Inn & Suites (collectively the "Defendants" or "Employers") to correct unlawful employment practices on the basis of race and national origin, and to provide appropriate relief to Wendy Buckley, Ashlee Flannery, Dewetta McKnight, and to a class of employees who are

either Caucasian or are non-Hispanic and who were adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC" or "the Commission") alleges that Wendy Buckley, Ashlee Flannery, Dewetta McKnight, and a class of Caucasian and/or other non-Hispanic employees were unlawfully discharged by Defendants because of their race and/or national origin as alleged with greater particularity below. The Commission further alleges that Defendants violated the recordkeeping requirements of Title VII, Section 709, as elaborated in 29 C.F.R. § 1602.14 in that Defendants failed to archive and preserve employee records for a period of, at minimum, one year, after once collected.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.  The employment practices alleged to be unlawful were, and upon information and belief continue to be, committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

**Plaintiff EEOC:**

3.  Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), is the agency of the United States of America charged with the

administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

**Defendant Century Shree, Corp.:**

4. At all relevant times, Defendant Century Shree, Corp., d/b/a Hampton Inn & Suites, a Wyoming corporation, has continuously been and is now doing business in the State of Colorado and in the City of Craig, and has continuously employed at least fifteen (15) employees.

5. Century Shree, Corp. is the franchisee of record for the Hampton Inn & Suites in Craig, Colorado.

6. At all relevant times, Defendant Century Shree, Corp., d/b/a Hampton Inn & Suites has continuously been and continues to be an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. According to records on file with the Wyoming Secretary of State, Century Shree, Corp. is a registered Wyoming close corporation temporarily vested with inactive status because it suffers from administrative dissolution as penalty for unpaid taxes.

8. According to records on file with the Colorado Secretary of State, Century Shree Corp. is a Wyoming corporation delinquent on its registration to operate in the state of Colorado.

9. Century Shree, Corp. at all times relevant to this suit, owned and operated, and continues to own and operate, the Hampton Inn & Suites in Craig, Colorado, despite the company's delinquent status in both Wyoming and Colorado.

10. Upon information and belief, Defendant Century Shree, Corp. has forfeited its corporate privileges when it failed to maintain good standing with the States of Wyoming and Colorado, though it continues to operate.

11. Century Shree, Corp employed Buckley, Flannery, and McKnight to work at the Hampton Inn & Suites in Craig, Colorado.

**Defendant Century Rama, Inc., d/b/a Hampton Inn & Suites:**

12. At all relevant times, Defendant Century Rama, Inc., d/b/a Hampton Inn & Suites, a Wyoming corporation, has continuously been and is now doing business in the State of Colorado and in the City of Craig.

13. At all relevant times, Defendant Century Rama, Inc., d/b/a Hampton Inn & Suites has continuously been and continues to be an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

14. According to records on file with the Wyoming Secretary of State, Century Rama, Inc. is a registered Wyoming corporation temporarily vested with inactive status because it suffers from administrative dissolution as penalty for unpaid taxes.

15. According to records on file with the Colorado Secretary of State, Century Rama, Inc. has never registered to do business in the State of Colorado.

16.    Defendant Century Rama, Inc., at all times relevant to this case managed, and continues to manage, the Craig, Colorado Hampton Inn & Suites.

17.    Upon information and belief, Defendant Century Rama, Inc., has forfeited its corporate privileges when it failed to register with the Secretary of State before engaging in business in the State of Colorado, and by failing to maintain good standing in the State of Wyoming, though it continues to operate.

**Individual Defendants Falgun Patel, Mukund Patel, Piyush Patel:**

18.    Defendants Falgun Patel, Mukund Patel, and Piyush Patel (referred to collectively as "the Owners"), each hold a one-third interest in Defendant Century Shree, Corp.

19.    Defendants Falgun Patel, Mukund Patel, and Piyush Patel, each hold a one-third interest in Defendant Century Rama, Inc.

20.    Upon information and belief, the corporate Defendants, Century Shree, Corp and Century Rama, Inc., and individual Defendants, Falgun Patel, Mukund Patel, and Piyush Patel comprise a single employer/integrated enterprise engaged in a single business endeavor, with commingled financial organization, common ownership and management, and having centralized control of labor.

21.    Whenever in this Complaint reference is made to the "Defendants" or "Employers" such allegations shall be deemed to be the acts of all the above-named Defendants acting as an integrated enterprise.

22. Continuously and at all times relevant to this suit, the Defendants have constituted an employer engaged in an industry affecting commerce, within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## GENERAL ALLEGATIONS

23. More than thirty days prior to the institution of this lawsuit, Wendy Buckley, Ashlee Flannery, and Dewetta McKnight filed charges with the Commission alleging violations of Title VII by Defendants.

24. EEOC provided Defendants with notice of the charges of discrimination.

25. EEOC investigated the charges of discrimination.

26. Based on evidence adduced during the EEOC's investigation, EEOC issued determinations finding reasonable cause to believe Defendants had engaged in certain unlawful employment practices identified in the determinations.

27. The Commission's determinations included an invitation for Defendants to join the Commission in informal methods of conciliation in an attempt to eliminate the alleged unlawful employment practices.

28. As part of the conciliation process, the Commission provided to Defendants an initial proposal detailing the types of relief the Commission felt were necessary to eliminate and remedy the alleged unlawful employment practices.

29. The Commission and Defendants were unable to reach an agreement on relief through conciliation.

30. Following the EEOC's unsuccessful conciliation efforts, the Commission sent notice to the Defendants that conciliation had failed.

31. All conditions precedent to the institution of this lawsuit have been fulfilled.

32. The Hampton Inn & Suites in Craig, Colorado ("the Hotel") opened for business in October, 2009.

33. On or about May or June of 2009, before the Hotel was operational, Defendants began to accept applications for employment.

34. In June, 2009, Ken Milliken was then currently employed by Defendants as the General Manager of the Hotel.

35. Buckley, Flannery, and McKnight each sought employment at the Hotel and each was required to complete a written job application form.

36. Buckley, Flannery, and McKnight each submitted a completed job application form to Defendants.

37. In June 2009, Defendants hired Buckley, Flannery, and McKnight, amongst others, as part of the original work crew.

38. Buckley, Flannery, and McKnight are Caucasian and non-Hispanic.

39. Buckley was selected for employment by Defendants for a position in the laundry department.

40. Flannery was selected for employment by Defendants for a position in the housekeeping department.

41. McKnight was selected for employment by Defendants for a position as housekeeping supervisor.

42. When McKnight and Buckley started work, Milliken told them the original work crew was selected from a pool of several hundred applicants.

43. In August, 2009, Milliken resigned his position with Defendants.

44. In August, 2009, Defendants hired Edward Callison as the new General Manager for the Hotel.

45. Shortly after Callison started work at the Hotel, he was instructed by Owners Falgon Patel and Mukund Patel to hire more qualified maids, and that they preferred the maids to be Hispanic because in their opinion Hispanics worked harder.

46. On or about September 8, 2009, Defendants discharged McKnight.

47. Callison told McKnight that she was being discharged because the Owners of the Hotel preferred "non-American", non-Caucasian employees because it was their impression that such workers are lazy.

48. McKnight was replaced by a Hispanic employee.

49. On or about November 6, 2009, Defendants discharged Flannery and Buckley.

50. Flannery was replaced by a Hispanic employee.

51. Buckley was replaced by a Hispanic employee.

52. Between August and November all of the other non-Hispanic workers in the laundry and housekeeping departments had resigned or been discharged.

53. By the time Flannery and Buckley were discharged, all of the remaining laundry and housekeeping employees were Hispanic.

54. On the date of her termination, Flannery overheard Callison ask a Hispanic employee to recruit friends for the incoming vacancies because the Owners preferred a Hispanic workforce.

55. Under Callison's management, the hiring process was more informal than the process used to initially staff the Hotel.

56. Under Callison's management, some employees were hired without having to complete a written job application.

57. Between September, 2009 and August, 2010, Defendants hired at least eight (8) new Hispanic employees for housekeeping and laundry positions.

58. Between September, 2009 and August, 2010, Defendants did not hire any non-Hispanic employees for housekeeping or laundry positions.

## FIRST CLAIM FOR RELIEF
### [Discrimination Based on Race/National Origin – 42 U.S.C. 2000e-5]

59. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

60. Since at least August, 2009, Defendants have engaged in unlawful employment practices at the Hampton Inn & Suites in Craig, Colorado, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-5(a).

61. Since at least August, 2009, Defendants have unlawfully treated housekeeping and laundry employees of Caucasian and non-Hispanic backgrounds less favorably than their Hispanic counterparts.

62. Since August, 2009, Defendants have unlawfully terminated McKnight, Flannery, and Buckley, and a class of employees, because of their race and/or their national origin, Caucasian and/or non-Hispanic ancestry.

63.     The effect of the practices complained of in the foregoing paragraphs has been to deprive McKnight, Flannery, Buckley, and a class of employees, of equal employment opportunities and otherwise adversely affect their status as employees, because of their race, Caucasian, and/or their national origin, non-Hispanic.

64.     The unlawful employment practices complained of in the foregoing paragraphs were intentional.

65.     The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of McKnight, Flannery, Buckley, and a class of non-Hispanic employees.

**SECOND CLAIM FOR RELIEF**
**[Recordkeeping Violation – 42 U.S.C. § 2000e-8(c)]**

66.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

67.     Since at least June, 2009, Defendants failed to make and preserve records, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), relevant to the Commission's determination of whether unlawful employment practices have been, or are being committed, at their Craig, Colorado establishment.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, agents, employees, and all persons in active concert or

participation with them, from engaging in any unlawful employment practice, including, but not limited to, creating or condoning discrimination or disparate treatment of employees because of their race or national origin.

B.	Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees regardless of their race or national origin, and which eradicate the effects of Defendants' past and present unlawful employment practices.

C.	Order Defendants to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

D.	Order Defendants to make whole Dewetta McKnight, Ashlee Flannery, Wendy Buckley, and a class of non-Hispanic employees, by providing them with appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices, including but not limited to reinstatement or front-pay in lieu of reinstatement.

E.	Order Defendants to make whole Dewetta McKnight, Ashlee Flannery, Wendy Buckley, and a class of non-Hispanic employees, by reinstating them to their previously held positions or an equivalent position or, in the alternative, by providing appropriate front pay, in amounts to be determined at trial.

F.     Order Defendants to make whole Dewetta McKnight, Ashlee Flannery, Wendy Buckley, and a class of non-Hispanic employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

G.     Order Defendant to make whole Dewetta McKnight, Ashlee Flannery, Wendy Buckley, and a class of non-Hispanic employees, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character or reputation, anxiety, and humiliation, in amounts to be determined at trial.

H.     Order Defendants to pay Dewetta McKnight, Ashlee Flannery, Wendy Buckley, and a class of non-Hispanic employees, punitive damages for Defendants' malicious conduct and/or reckless indifference described above, in amounts to be determined at trial.

I.     Grant such further relief as the Court deems necessary and proper in the public interest.

J.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:  September 29, 2011

        RESPECTFULLY SUBMITTED

        P. DAVID LOPEZ
        General Counsel

        GWENDOLYN REAMS
        Associate General Counsel

        EQUAL EMPLOYMENT
            OPPORTUNITY COMMISSION
        131 M Street NE, 5TH Floor
        Washington, D.C. 20507-0004

        MARY JO O'NEILL
        Regional Attorney
        Phoenix District Office

        RITA BYRNES KITTLE
        Supervisory Trial Attorney

        s/ *Iris Halpern*
        IRIS HALPERN
        Trial Attorney
        (303) 866-1374
        iris.halpern@eeoc.gov

        EQUAL EMPLOYMENT
            OPPORTUNITY COMMISSION
        Denver Field Office
        303 East 17th Avenue, Suite 410
        Denver, Colorado 80203
        FAX: (303) 866-1375

**PLEASE NOTE:**

**For purposes of service upon the EEOC, it is sufficient that pleadings, notices, and court documents be served upon the Trial Attorneys. Duplicate service is not required on the General Counsel and Associate General Counsel in Washington, D.C.**